UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SMITH,

       Petitioner,

                                       CASE NO. 14-11540

v.

                                       PAUL D. BORMAN
RANDALL HAAS,                  UNITED STATES DISTRICT JUDGE

       Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 9) AND GRANTING
PETITIONER'S MOTION TO AMEND (ECF NO. 11)**

### I. Introduction

On April 16, 2014, petitioner Kevin Smith filed a *pro se* habeas corpus petition challenging his state convictions for assault with intent to commit murder, assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and two counts of possession of a firearm during the commission of a felony ("felony firearm"). Petitioner's sole argument in his habeas corpus petition is that his assault and felony-firearm convictions must be reversed because the prosecution presented insufficient evidence to support the intent element of the assault charges.

Respondent Randall Haas argues in a responsive pleading, which he filed through counsel, that Petitioner is not entitled to relief because the Michigan Court of Appeals did not unreasonably apply clearly established federal law when it adjudicated Petitioner's

claim.  In a reply to the responsive pleading, Petitioner argues that (1) Respondent failed to comply with the Court's order for responsive pleading, (2) the evidence was insufficient to support a finding of intent to commit murder or to cause great bodily harm less than murder, and (3) the prosecution failed to prove that he possessed a firearm during the commission, or attempt to commit, either assault.

Currently pending before the Court are Petitioner's motion for summary judgment and motion to amend his reply brief.  Respondent did not file an answer to either motion.

## II.  The Motion for Summary Judgment

Petitioner alleges in his motion for summary judgment that Respondent failed to file a timely responsive pleading and there was insufficient evidence to support his convictions.  "[A] party is entitled to summary judgment in his favor if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Lujan v. National Wildlife Federation*,  497 U.S. 871, 884  (1990) (quotation marks omitted).  Here, there are genuine issues of fact as to whether the evidence at trial was sufficient to support Petitioner's assault and felony-firearm convictions.

Furthermore, Petitioner is mistaken about the timing of Respondent's answer to his habeas petition.  On April 24, 2014, the magistrate judge ordered Respondent to file a response to the habeas petition by October 21, 2014, and on October 21, 2014, Respondent filed his answer to the petition.  Because the answer was filed in a timely

2:14-cv-11540-PDB-MKM Doc # 13 Filed 05/06/15 Pg 3 of 3 Pg ID 1041

manner and because there are disputed issues of fact, Petitioner is not entitled to summary judgment. His motion for summary judgment (ECF No. 9) is denied.

### III. The Motion to Amend

In his second motion, Petitioner seeks to amend his reply to Respondent's answer to the habeas petition. Petitioner merely wants to supplement his original reply brief (ECF No. 8). Therefore, his motion to amend (ECF No. 11) is granted. Petitioner need not take any further action because he incorporated his supplemental arguments in his motion to amend.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 6, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 6, 2015.

s/Deborah Tofil
Case Manager